33 F.3d 64
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re John R. FRITCH.
 No. 94-1072.
 United States Court of Appeals, Federal Circuit.
 Feb. 3, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 In response to this court's December 21, 1993 order, John R. Fritch and the Commissioner of Patents and Trademarks have filed responses addressing the timeliness of Fritch's notice of appeal. Fritch argues that his appeal is timely. The Commissioner argues that Fritch's appeal is premature. Fritch moves to invoke Fed.Cir.R. 31(c), that is, to suspend the briefing schedule until the jurisdictional issue is decided.
 
 
 2
 This is an appeal of a Board of Patent Appeals and Interferences' July 30, 1993 decision that affirmed an examiner's rejection of certain claims of Fritch's patent application and reversed the examiner's rejection of other claims. The Board stated that its "affirmance of the Sec. 112 p 2 rejection of claims 35 through 37, 43, 46, 47, 49 through 55, 60, 67, and 68 has been designated as a new ground of rejection under 37 C.F.R. 1.196(b)." The Board designated its affirmance as a new ground of rejection because its "reasons affirming this rejection do not correspond in all respects to the examiner's rationale." The Board's decision informed Fritch that he could seek reconsideration or modification of the decision or, with regard to the new rejection, that he could alternatively elect to prosecute further before the examiner. Fritch requested modification of the decision on August 30, 1993. That request is pending before the Board. On September 27, 1993, Fritch filed a notice of appeal to this court.
 
 
 3
 Prior to 1989, a Board decision was considered final for purposes of appeal under the Patent and Trademark Office's (PTO) regulations even though the Board decision contained a new ground for rejection. See In re Evanega, 829 F.2d 1110 (Fed.Cir.1987). In 1989, the PTO amended its regulations providing that such a decision was not final. Under the amended regulations, a party was required either to request modification or reconsideration from the Board or to prosecute further before the examiner.
 
 
 4
 Here, Fritch sought modification of the entire decision, not just the rejections on new grounds. Hence, as the Commissioner argues, the Board's decision is not final in any respect. After, the Board issues its decision on reconsideration, that decision "is final for the purpose of judicial review." 37 C.F.R. 1.196.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Fritch's appeal no. 94-1072 is dismissed.
 
 
 7
 (2) Each side shall bear its own costs.
 
 
 8
 (3) Fritch's motion to suspend the briefing schedule is moot.